**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **JORGE RODRIGUEZ-CALDERON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV1253(JCH) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jorge Rodriguez-Calderon, a federal prisoner currently confined at the Federal Prison Camp located in Waymart, Pennsylvania (FPC-Waymart), for a writ of audita querela [Doc. #1].[1] Also before the Court is petitioner's motion for leave to proceed in forma pauperis [Doc. #3] and his motion to re-docket this matter [Doc. #4].

### Background

Petitioner was convicted, after a jury trial, of one count of conspiring to possess with intent to distribute cocaine and one count of laundering monetary instruments. See United States v. Rodriguez-Calderon, No. 4:90CR30(JCH) (E.D. Mo.). Petitioner was sentenced to a term of 262 months imprisonment on the conspiracy count and 240 months imprisonment on the money

---

[1]For statistical purposes and for docketing, the Clerk of Court opened this case as one seeking relief pursuant to 28 U.S.C.§ 2255. Accordingly, no filing fee was assessed.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

laundering count.  Id.  These sentences run concurrently.  Id.
Petitioner's convictions and sentences were affirmed on direct
appeal by the Eighth Circuit Court of Appeals.  See United States
v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993).

On June 6, 1995, petitioner filed a motion to vacate,
set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See
Rodriquez-Calderon v. United States, No. 4:95CV1005(JCH) (E.D.
Mo.).  The motion was denied on January 5, 1996.  Id.  The denial
of § 2255 relief was affirmed by the Eighth Circuit Court of
Appeals.  Rodriquez-Calderon v. United States, No. 96-1661 (8th
Cir., April 4, 1997).  The Supreme Court of the United States
denied petitioner's application for a writ of certiorari.
Rodriquez-Calderon v. United States, No. 97-5147 (July 10, 1997).

Earlier this year, petitioner sought, but was denied, a
writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Rodriquez-
Calderon v. United States, No. 4:05CV456(JCH) (E.D. Mo.).  It
appears that the Eighth Circuit Court of Appeals has treated
petitioner's appeal from the denial of his § 2241 action as an
application for permission to file a successive habeas action -
which is still pending before that court.  Rodriquez-Calderon v.
United States, No. 05-3045 (8th Cir. July 27, 2005).

**The motion**

Petitioner asserts that his sentences are invalid under
the Supreme Court's holding in United States v. Booker, 125 S.Ct.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

738 (2005).

## Discussion

As noted above, the Clerk of Court docketed this action as one seeking to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court notes that this designation is for internal statistical and docketing purposes only because the existing statistical and docketing categories do not include a separate category for a "writ of audita querela." For internal statistical and docketing purposes, the closest statistical category is § 2255. This Court emphasizes that it is not re-characterizing the instant action as one seeking relief under 28 U.S.C. § 2255.[2]

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner argues that the writ of

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication that petitioner has received permission from the Eighth Circuit Court of Appeals to file a successive § 2255 action and, therefore, this Court declines to re-characterize the instant action as seeking § 2255 relief.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

audita querela is available in his case.

Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available in criminal actions. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 426 (D.C. Cir. 1990); cf. United States v. Morgan, 346 U.S. 502, 511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions). Assuming arguendo that the writ of audita querela is still available, the instant motion should still be denied because the writ is inappropriate in this case.

Audita querela is an old common-law writ which permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" United States v. Johnson, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)). The question here is whether the Supreme Court's decision in Booker is the type of post-judgment event for which the writ can be granted.

The Court's research indicates that it is not. The courts that have considered the question of whether a post-judgment change in the law is a grounds for audita querela relief

4

have answered in the negative.  See United States v. Ayala, 894 F.2d at 429 n. 8; United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears, Roebuck and Co., 536 A.2d 563, 566 (1988).  This is true even in cases where the post-conviction change in law could not be raised in a § 2255 action.  United States v. Ayala, 894 F.2d at 429 n.8.  As noted by the District of Columbia Circuit in Ayala:

> To be sure, not *all* post[-]judgment changes in law may be raised in a § 2255 proceeding.  See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1075-77, 103 L.Ed.2d 334 (1989) (plurality).  But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

Id.  This Court agrees.  Furthermore, this reasoning extends to all the other types of writs that may be issued under the All Writs Act.  Put simply, the Supreme Court's decision in Booker does not afford petitioner relief from his sentence under any theory because Booker does not apply retroactively.  See Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (holding that Booker does not apply retroactively to cases on collateral review).  Therefore, petitioner's application for a writ of audita querela should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED.**

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that petitioner's application for a writ of audita querela [Doc. #1] is **DENIED**, with prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion to re-docket this case [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the instant action.

An appropriate order will accompany this memorandum and order.

Dated this <u>6th</u> day of October, 2005.


/s/ Jean C. Hamiton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com